IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **PETER JOSE SMITH,** | **REPORT AND RECOMMENDATION** |
| Plaintiff, | Case No. 2:08-cv-504-TC-PMW |
| v. | |
| **MERCADO LATINO,** | **Chief District Judge Tena Campbell** |
| Defendant. | **Magistrate Judge Paul M. Warner** |

This case has been referred to Magistrate Judge Paul M. Warner by Chief District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court is Mercado Latino's ("Defendant") motion to dismiss Peter Jose Smith's ("Plaintiff") complaint under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.[2]  *See* Fed. R. Civ. P. 12(b)(6).  The court has carefully reviewed the parties' written submissions.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written submissions.  *See* DUCivR 7-1(f).

---

[1]  *See* docket no. 4.

[2]  *See* docket no. 8.

**BACKGROUND**

As an initial matter, the court notes that Plaintiff is proceeding pro se in this case and was permitted to proceed in forma pauperis under 28 U.S.C. § 1915 (the "in forma pauperis statute").[3] Defendant is also proceeding pro se through its sole proprietor. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see also, e.g.*, *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 609–10 (11th Cir. 1984) (concluding that a sole proprietor could proceed pro se under 28 U.S.C. § 1654); *Precision Pay Phones v. Qwest Commc'ns Corp.*, 210 F. Supp. 2d 1106, 1118 n.8 (N.D. Cal. 2002) (same). Because both parties are proceeding pro se, the court will construe their pleadings and other submissions liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

On July 1, 2008, Plaintiff's motion for leave to proceed in forma pauperis[4] was granted,[5] and the complaint in this case was filed.[6] In his complaint, Plaintiff alleges that Defendant violated the Americans with Disabilities Act (the "ADA") by refusing to accommodate his disability. More specifically, Plaintiff alleges that Defendant "[r]efused to give [Plaintiff] admittance to [Defendant's] store" while Plaintiff was using a "walker" and wearing

---

[3] *See* docket no. 2.

[4] *See* docket no. 1.

[5] *See* docket no. 2.

[6] *See* docket no. 3.

"rollerblades."[7]  Plaintiff also alleges that Defendant "lied to police" and "slandered [Plaintiff's] good name to the police [and] others."[8]  Plaintiff asserts that these alleged actions caused him "unnecessary pain and suffering and lost time from work."[9]  In his prayer for relief, Plaintiff requests an award of $1000 to compensate him for his pain and suffering and to act as a "punitive measure to make [Defendant] pay for disobeying the law and lying to the police."[10]  Plaintiff also requests that Defendant be ordered "to obey the . . . ADA from this time forward" and to "give [Plaintiff] access to [Defendant's] store once judgment is passed."[11]

In the section of the complaint entitled, "PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF," Plaintiff indicates that he filed a lawsuit in Utah Fourth District Court in August 2007 (the "Utah Case") that dealt with the same facts involved in the instant case.[12]  Plaintiff provides the case number of the Utah Case and states that it was brought against Defendant and its proprietor.  Plaintiff asserts that it involved the same claims as those in the instant case (i.e., allegations that Defendant violated the ADA by failing to accommodate Plaintiff's disability, lied to police, and slandered Plaintiff).  Plaintiff also indicates that the Utah Case was dismissed with prejudice in September 2007.

---

[7] *Id*. at 1.

[8] *Id*. at 1–2.

[9] *Id*. at 3.

[10] *Id*.

[11] *Id*.

[12] *Id*. at 2.

Defendant was served with the summons and complaint in the instant case on July 15, 2008.[13] In response, on August 1, 2008, Defendant filed the motion to dismiss before the court.[14] On August 18, 2008, Plaintiff filed two documents in response to Defendant's motion to dismiss.[15]

## ANALYSIS

### I. Standard of Review for Failure to State a Claim

In its motion, Defendant argues that Plaintiff's complaint should be dismissed under rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In addition, because Plaintiff is proceeding in forma pauperis in this case, the court would be obligated to dismiss Plaintiff's complaint if it determined that the complaint failed to state a claim upon which relief can be granted, even if no motion to dismiss had been filed. Indeed, whenever the court authorizes a party to proceed without the prepayment of fees under the in forma pauperis statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Regardless of whether the court is analyzing a motion to dismiss or screening a case under the in forma pauperis statute, the court employs the standard used for analyzing motions to

---

[13] *See* docket no. 6.

[14] *See* docket no. 8.

[15] *See* docket no. 9.

dismiss under rule 12(b)(6) to determine whether a complaint fails to state a claim upon which relief can be granted. *See Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)) (other quotations and citation omitted) (second and third alterations in original).

## II.  Claim Preclusion

Defendant argues that Plaintiff's complaint should be dismissed because Plaintiff has already litigated the claims involved in this case in the Utah Case. Accordingly, Defendant asserts that Plaintiff's complaint is barred by the doctrine of res judicata, which is also known as claim preclusion. *See Shell Rocky Mountain Prod., LLC v. Ultra Res., Inc.*, 415 F.3d 1158, 1164 n.5 (10th Cir. 2005) ("Typically, this court employs the [phrase] 'claim preclusion' instead of 'res judicata.'" (other quotations and citation omitted)).

Because the Utah Case was decided in Utah state court, the court must apply the elements for claim preclusion under Utah law. *See Brady v. UBS Fin. Servs., Inc.*, 538 F.3d 1319, 1327 (10th Cir. 2008) ("'The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute,' 28 U.S.C. § 1738, which 'directs a federal court to refer to the preclusion law of the [s]tate in which judgment was

rendered.'" (quoting *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985))). "In general terms, claim preclusion bars a party from prosecuting in a subsequent action a claim that has been fully litigated previously." *Brigham Young Univ. v. Tremco Consultants, Inc.*, 110 P.3d 678, 686 (Utah 2005) (quotations and citation omitted). For claim preclusion to apply under Utah law,

> three requirements must be met: (1) [t]he subsequent action must involve the same parties, their privies, or their assigns as the first action[;] (2) the claim to be barred must have been brought or have been available in the first action[;] and (3) the first action must have produced a final judgment on the merits of the claim.

*Id*. (quotations and citation omitted).

All three of those requirements are satisfied in this case. Notably, the allegations of Plaintiff's complaint provide the basis for reaching that conclusion. First, Plaintiff's complaint states that the Utah Case was brought against Defendant and its proprietor, thereby indicating that this case "involve[s] the same parties, their privies, or their assigns" as the Utah Case. *Id*. (quotations and citation omitted). Second, Plaintiff's complaint indicates that the Utah Case involved the same claims as those in the instant case, namely, allegations that Defendant violated the ADA by failing to accommodate Plaintiff's disability, lied to police, and slandered Plaintiff. Consequently, Plaintiff has admitted that the claims in this case were either brought or available in the Utah Case. *See id*.; *see also, e.g.*, *Krouse v. Am. Sterilizer Co.*, 872 F. Supp. 203, 205 (W.D. Pa. 1994) ("[D]espite the short history of [the] ADA and the relative scarcity of ADA case law, it appears to be solidly established that state courts have concurrent jurisdiction over ADA cases."). Finally, Plaintiff's complaint indicates that the Utah Case was dismissed with prejudice

in September 2007, which establishes that the Utah Case "produced a final judgment on the merits of the claim." *Tremco Consultants, Inc.*, 110 P.3d at 686 (quotations and citation omitted).

Based on the foregoing, the court has determined that Plaintiff's complaint in this case is barred by the doctrine of claim preclusion. Consequently, the court concludes that Plaintiff's complaint fails to state a claim upon which relief can be granted because it does not "plausibly support a legal claim for relief." *Bemis*, 500 F.3d at 1218 (quotations and citation omitted).

## CONCLUSION AND RECOMMENDATION

Based on the court's conclusion that Plaintiff's complaint fails to state a claim upon which relief can be granted, **IT IS HEREBY RECOMMENDED:**

1. Defendant's motion to dismiss[16] be **GRANTED**.

2. Plaintiff's complaint be **DISMISSED, WITH PREJUDICE**, both as a result of granting Defendant's motion to dismiss and pursuant to the in forma pauperis statute's requirement that the court "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1)(C). The parties must file any

---

[16] *See* docket no. 8.

objection to this Report and Recommendation within ten (10) days after receiving it. *See id*.

Failure to object may constitute waiver of objections upon subsequent review.

    DATED this 8th day of January, 2009.

                        BY THE COURT:

                        PAUL M. WARNER
                        United States Magistrate Judge